**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-10071-CR-MOORE/LYNCH**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**RICARDO ESPILDORA,**

      **Defendant.**

_____/



FILED by _____ D.C.

MAR -- 1 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE**
**SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE**
**[D.E.156]**

      **THIS CAUSE** having come on to be heard for a final hearing on February 28, 2017, in respect to the pending Superseding Petition Alleging Violations of Supervised Release dated October 25, 2016 [D.E. 156], and this Court having received testimony and arguments of counsel, recommends to the District Court as follows:

      1.    The Defendant is charged in a Superseding Petition alleging the following four violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 9, 2015, in Highlands County, Florida, the defendant committed the offense of DUI with serious bodily injury, contrary to Florida Statute 316.193(3)(c)(2). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 9, 2015, in Highlands County, Florida, the defendant committed the offense of DUI-1st offense, contrary to Florida Statute 316.193(1). |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 9, 2015, in Highlands County, Florida, the defendant committed the offense of DUI- |

property/personal damage, contrary to Florida Statute 316.193(3)(c)(1).

**Violation Number 4**          **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 9, 2015, in Highlands County, Florida, the defendant committed the offense of DUI-property/personal damage, contrary to Florida Statute 316.193(3)(c)(1).

2.      At the outset of the hearing, it was apparent that counsel for the Defendant and counsel for the government were still having some disagreements over evidentiary issues.  This Court had previously continued this final hearing to have those evidentiary issues resolved.  This Court entered its Order on February 3, 2017 to allow further discovery and presentation of evidence by the government to the Defendant.  When it was apparent to this Court that the parties were still at odds concerning supplemental backup material for the alleged blood analysis of the Defendant as well as arguments concerning the filing of the government's proffer of evidence [D.E. 172], this Court stated that it would continue the hearing for two weeks and for the parties to attempt to work out their differences.  The Court then left the Bench.

3.      The Court was then reminded that this matter was set for final review and disposition by Chief Judge Moore on March 16, 2017.  Therefore, this Court instructed the Courtroom Deputy to return to the courtroom to ask the parties to try and see what they could resolve today and then advise the Court.  The Court was advised that the parties still could not work out the differences and the Court decided to recall the matter and begin taking the testimony of witnesses who were present.

4.      At the outset of the hearing, it was obvious that there were several witnesses from Highlands County who were present for testimony in this case.  They were placed

2

under the rule of sequestration and left the courtroom at the request of counsel for the parties. The Court then directed the government to call its first witness.

5.      The government called Deputy John Steffner of the Highlands County Sheriff's Office. He testified that he is a traffic homicide investigator. He identified the Defendant in open court as the individual he knew to be the person involved in a traffic accident which serves as the basis for the alleged violations set forth in the Superseding Petition.

6.      When he arrived at the scene of the accident, the Defendant's vehicle appeared to be in a diagonal southbound/westbound direction in the oncoming traffic lane where it purportedly hit the Garcia vehicle head-on. The Garcia vehicle was in the correct lane of travel according to Deputy Steffner. The Garcia vehicle contained two passengers, those being Giovanny Garcia and his wife who was pregnant at the time. Deputy Steffner testified that Mrs. Garcia ended up delivering the child by Caesarean section and stated that the child has continuing medical issues.

7.      Deputy Steffner testified that a day or two after the accident he questioned the Defendant at the county jail in Highlands County. The Defendant was read his <u>Miranda</u> rights from a card provided by the Highlands County Sheriff's Office. The Defendant waived those rights and said he understood them. He agreed to speak with Deputy Steffner.

8.      The Defendant told Deputy Steffner that he was at someone's house and consumed alcohol there. When Deputy Steffner asked if he was "buzzed" the Defendant said he was "buzzed a little" but denied being impaired.

3

9.     The Defendant's blood was drawn pursuant to a search warrant.  However, Deputy Steffner was not involved in the application nor execution of that search warrant. He was not involved in the taking of the Defendant's blood nor transport of that blood for analysis.  He was not involved in any of the analysis of the blood.  The government offered the one page lab report from the Florida Department of Law Enforcement concerning its analysis of the blood sample.  This Court declined to allow that exhibit into evidence based upon lack of foundation at this stage of the hearing.

10.     The Defendant told Deputy Steffner that no one was with him in his vehicle. He was driving the vehicle alone.  Deputy Steffner first thought that the Defendant was driving a Dodge pickup truck.  However, later during his testimony he agreed with counsel for the Defendant on cross-examination that the Defendant was driving a Ford pickup truck. Deputy Steffner had no knowledge of the brakes on the Defendant's vehicle nor had he researched that matter involving this investigation.  The witness did admit that he went to the accident scene on November 9, 2015 as stated in the Superseding Petition.  However, it does not appear as though he was the main investigating officer since he referenced other officers who actually conducted tests and prepared lengthy reports in this case, which Deputy Steffner had only reviewed.

11.     The witness testified concerning his background as a traffic reconstruction and crash investigator and the training he received in that regard.  He did not conduct any scientific tests involving this case.  His conclusions were based solely on reading reports of other officers who performed those tests.  He has no independent basis to support his conclusions, whatever they may be in respect to this accident.

4

12.     The witness testified that the Defendant's vehicle was almost fully in the left lane based upon tire marks.  There were no skid marks at the scene.  There were only marks of the tires indicating "change of direction" before the accident.

———————

13.     After AFPD Peacock concluded his cross-examination of the witness, the government stated that they were resting without calling any further witnesses who were present.  The Court then asked for AUSA Cooperstein to state on the record the names of those witnesses since the government's witness list handed to the Court is not a part of the record.  In addition to Deputy Steffner, available at the courthouse to testify at this hearing were Charles Bailey, Giovanny Garcia, Latisha Bragg, Ann Marie Cornine, Shane Spencer, Jon Wilkinson, and Jason Dionne.  After having AUSA Cooperstein read those names into the record, this Court inquired again as to whether or not the government intended to call any of those witnesses at this hearing.  AUSA Cooperstein responded that the government would rely upon the evidence presented in light of the pending state criminal case which is still active in Highlands County in respect to the Defendant's arrest in this matter.

14.     This Court pointed out to both counsel for the government and counsel for the Defendant that based upon the evidence presented thus far, that it would issue a Report and Recommendation to the District Court recommending that the Defendant be found to have not violated his supervised release based upon the lack of evidence.  This Court stated that it would not criticize the government for its lack of presentation of evidence, but simply state that there were tactical reasons for the government not

5

presenting any further evidence.  AUSA Cooperstein agreed that it was an accurate statement concerning the government's position at this time.

15.     The Court then asked AFPD Peacock if he wished to present any evidence, which the Defendant is not obligated to do.  He stated that the Defendant had no evidence to present in light of the government resting and the Court indicating what its recommendation to the District Court would be.

16.     This Court pointed out again at least one or two more times on the record that these witnesses are available and outside the courtroom to testify.  If either party wished to call those witnesses, the Court is happy to hear those witnesses.  However, this Court could not call witnesses on its own.

17.     This Court also pointed out in respect to the Defendant's objection to the government's proffer [D.E. 172], that the proffer is simply an offer of evidence and outline of what the witnesses listed in that proffer would testify to.  This Court cannot consider that document [D.E. 172] as evidence.  Those witnesses listed in the proffer would have to testify for this Court to consider their recollections as evidence in this case.  This Court pointed out that the government's proffer [D.E. 172] is not the same as a sworn complaint and affidavit, which this Court accepts as proffers in detention cases.  In such a case where there is a sworn complaint and affidavit, that is sworn testimony by a witness who is available for cross-examination.  This proffer [D.E. 172] is simply a filing by AUSA Cooperstein outlining the testimony he expected that certain witnesses would present.  Therefore, while the proffer may be considered as an outline or a roadmap for the government's case, it is not evidence and cannot be considered by this Court as evidence.  This Court would also point out that two of the witnesses listed in the proffer, being Deputy

Worley of the Highlands County Sheriff's Office who spoke with witnesses at the scene immediately after the accident occurred and Detective Gentry, who obtained the search warrant and had the Defendant's blood drawn, were not available at this hearing. This was stated by the government at the outset of the hearing.

18.     It is not for this Court to look behind the reasons for the government's tactical decision to present no further evidence other than the testimony of Deputy Steffner.  It is only for this Court to determine whether or not there is sufficient evidence under the preponderance of the evidence standard to support any of the four violations set forth in the Superseding Petition. This Court finds that there is insufficient evidence to support any of those violations.  There is no evidence in the record concerning the Defendant's blood which was purportedly drawn pursuant to a search warrant.  The testimony of Deputy Steffner was mainly hearsay, aside from the post-Miranda statement made by the Defendant to Deputy Steffner.  Deputy Steffner did not prepare any reports in this case. He did not conduct any scientific tests as an accident reconstructionist or traffic homicide investigator.  He relied upon tests performed by other officers and merely reviewed their reports before testifying.  That is insufficient to support, even under the preponderance of the evidence standard, any of the four violations set forth in the Superseding Petition.

**ACCORDINGLY**, this Court finds that based upon the only evidence presented to this Court at this final hearing, that the government has not met its burden in respect to any of the four violations and that the District Court find that the Defendant be found to have not violated his supervised release in respect to the four violations set forth in the Superseding Petition.

Chief Judge Moore is the District Judge assigned to this case. He is conducting a calendar in Fort Pierce on March 16, 2017 and should either party object to this Court's Report and Recommendation and thus require a final hearing before Chief Judge Moore, this Court finds it necessary to shorten the normal fourteen day time period within which to file objections to permit the parties to file any objections, have those objections reviewed by Chief Judge Moore, and conduct any further proceedings when he is in Fort Pierce on March 16, 2017. Therefore, any objections to be filed by the government or the Defendant in respect to this Report and Recommendation shall be filed **no later than close of business on Wednesday, March 8, 2017.** Weiss v. Standard Ins. Co., 2009 WL 1833963 (S.D. Fla. 2009). Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of March, 2017 at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation (USPO Beau McGee)

8